IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM DARNELL GRAY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 13 C 6873 |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

ORDER DENYING PLAINTIFF'S APPLICATION FOR
LEAVE TO PROCEED IN FORMA PAUPERIS [4] AND STRIKING
THE PURPORTED COMPLAINT [1] WITHOUT PREJUDICE

JAMES F. HOLDERMAN, District Judge:

For the reasons stated below, the application of plaintiff William Darnell Gray to proceed *in forma pauperis* ("IFP") [4] is denied. The complaint [1] is stricken and the case will be dismissed if Mr. Gray does not file an amended complaint signed either by himself or counsel who is a member of the bar of this court. Mr. Gray must also either file a sufficient IFP application and affidavit or pay the $400 filing fee by 10/21/13.

Statement

On September 24, 2013, plaintiff William Darnell Gray ("Gray") filed through Illinois attorney Christine M. Naper, who is not a member of this court's bar, a purported complaint seeking review of the Commissioner of Social Security's final decision denying his claim for Supplemental Security Income ("SSI") benefits. (Dkt. No. 1.) Along with that document, Gray filed an application to proceed IFP along with what was presented as a supporting financial affidavit. (Dkt. No. 4.)

Requests to proceed IFP are reviewed under 28 U.S.C. § 1915. To ensure that indigent litigants have meaningful access to the courts, § 1915 allows an indigent litigant to commence an action in federal court without paying the administrative costs of the lawsuit. *Denton v. Hernandez*, 504 U.S. 25, 27 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324 (1988). However, the court must deny a request to proceed IFP if (1) the allegation of poverty is untrue; (2) the action is frivolous; (3) the action fails to state a claim; or (4) the action seeks monetary relief against an immune defendant. 28 U.S.C. § 1915(e)(2); *see Hutchinson v. Spink*, 126 F.3d 895, 899 (7th Cir. 1997) (recognizing the applicability of § 1915 to cases brought by non-prisoners).

Here, Gray's application to proceed IFP states that he is unemployed, but fails to provide any of the requested information about his most recent employment situation. (Fin. Aff. ¶¶ 2a, 2b.) Thus, the court cannot determine if Gray was ever employed and, if so, at what wage he was employed. Gray says he receives $200 per month from the Supplemental Nutrition Assistance Program and lives with his father, who Gray asserts received $980 in pension payments during the past twelve months. (Fin. Aff. ¶¶ 4d, 4f.) According to Gray, neither he nor anyone else living at the same residence has any other reportable assets.

Because no complaint that comports with the requirements of Federal Rule of Civil Procedure 11(a) has been filed and because Gray did not complete the IFP application, the purported complaint is stricken and Gray's application for IFP status is denied without prejudice. Mr. Gray has until 10/21/13 to correct the deficiencies or the case will be dismissed with prejudice.

ENTER:

_____
JAMES F. HOLDERMAN
United States District Court Judge

Date: October 7, 2013