IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WILLIAM DARNELL GRAY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 13 C 6873 |
| | ) |
| CAROLYN W. COLVIN, | ) |
| Acting Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

ORDER DENYING PLAINTIFF'S APPLICATION FOR
LEAVE TO PROCEED IN FORMA PAUPERIS [4]

JAMES F. HOLDERMAN, District Judge:

For the reasons stated below, the application of plaintiff William Darnell Gray to proceed *in forma pauperis* ("IFP") [4] is denied. The complaint [1] will remain pending at this time, but the case will be dismissed if either Mr. Gray does not file a sufficient IFP application and affidavit by 10/22/13 or he does not pay the $400 filing fee by 10/22/13.

Statement

On September 24, 2013, plaintiff William Darnell Gray ("Gray") filed a complaint through attorney Christine M. Naper. On 10/8/13 it was erroneously reported to the court that a search of court records showed Ms. Naper not to be a member of this court's bar. That was an error for which the court apologizes. The court's order of 10/7/13, which was in error on that point, has been vacated and removed from the docket of this case.

Gray's complaint seeks review of the Commissioner of Social Security's final decision denying his claim for Supplemental Security Income ("SSI") benefits. (Dkt. No. 1.) Along with his complaint, Gray filed an application to proceed IFP and what was presented as his supporting financial affidavit. (Dkt. No. 4.) Requests to proceed IFP are reviewed under 28 U.S.C. § 1915. To ensure that indigent litigants have meaningful access to the courts, § 1915 allows an indigent litigant to commence an action in federal court without paying the administrative costs of the lawsuit. *Denton v. Hernandez*, 504 U.S. 25, 27 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324 (1988). However, the court must deny a request to proceed IFP if (1) the allegation of poverty is untrue; (2) the action is frivolous; (3) the action fails to state a claim; or (4) the action seeks monetary relief against an immune defendant. 28 U.S.C. § 1915(e)(2); *see Hutchinson v. Spink*, 126 F.3d 895, 899 (7th Cir. 1997) (recognizing the applicability of § 1915 to cases brought by non-prisoners).

Here, Gray's application to proceed IFP states that he is unemployed, but fails to provide any of the requested information about his most recent employment situation. (Fin. Aff. ¶¶ 2a, 2b.) Thus, the court cannot determine if Gray was ever employed and, if so, at what wage he was employed. Gray says he receives $200 per month from the Supplemental Nutrition Assistance Program and lives with his father, who Gray asserts received $980 in pension payments during the past twelve months. (Fin. Aff. ¶¶ 4d, 4f.) According to Gray, neither he nor anyone else living at the same residence has any other reportable assets.

Because Gray did not complete the IFP application, Gray's application for IFP status is denied without prejudice. Mr. Gray has until 10/22/13 to correct the deficiencies in his IFP application or pay the $400 filing fee. His failure to do so will cause his case to be dismissed with prejudice.

ENTER:

Date:  October 8, 2013

_James F. Holderman_
JAMES F. HOLDERMAN
United States District Court Judge